United States District Court
Southern District of Texas
**ENTERED**
August 06, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-1301 |
| RANDY L. NOVOSAD and MICHELLE NOVOSAD, | § § § § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO ABATE**

On January 29, 2005, the defendants, Randy and Michelle Novosad, received a home equity loan for $216,000 from Resmae Mortgage Corporation, secured by real property in Sugar Land, Texas. (Docket Entry No. 1 at 3). The plaintiff, Deutsche Bank National Trust Company, is the owner and holder of the note and the beneficiary of the security instrument. *Id.* Deutsche Bank sued the Novosads, seeking to enforce its security interest through a non-judicial foreclosure or, alternatively, a judicial foreclosure. *Id.* at 4–5.

Michelle Novosad moved to abate this federal case, arguing that Deutsche Bank previously sued the Novosads in the 268th Judicial District Court of Fort Bend County, Texas. (Docket Entry No. 4 at 1). Novosad asserts that:

> When as in this case there are two lawsuits of the same subject matter, the Court in an exercise of its sole discretion, can abate an action for reasons of comity, convenience, and orderly procedure, taking into consideration the practical results to be obtained. As a practical matter, it makes sense to permit the District Court Case, in Fort Bend County, to proceed, and abate this case to avoid the expense and inconvenience of litigation [sic] the same issues in multiple courts.

*Id.* at 3. Deutsche Bank did not respond.

1

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983); *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012) ("[A] court may abstain from a case that is part of parallel, duplicative litigation under 'exceptional circumstances.') (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). Six factors relevant to determining whether "exceptional circumstances" are present include:

> (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Saucier*, 701 F.3d at 462 (citing *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)). "These factors are not applied mechanically, but carefully balanced 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Moses*, 460 U.S. at 16.

Novosad has not shown that exceptional circumstances are present under the federal standard. She cites the Texas common-law standard for determining whether "inherently interrelated" cases filed in multiple state courts should be abated. *See, e.g.*, *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) ("'The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts.' As a result, when two suits are inherently interrelated, 'a plea in abatement in the second action *must* be granted.'" (emphasis in original)). The federal standard requires the careful balancing of the six factors listed. That cannot be done on the current record, which consists only of Deutsche Bank's state-law application for an expedited foreclosure. (Docket Entry No. 4-1).

On this record, the motion to abate, (Docket Entry No. 4), is denied.

SIGNED on August 6, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge